*Lin v. Sessions*

BIA
A078 863 023

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT:
  ROSEMARY S. POOLER,
  RICHARD C. WESLEY,
  PETER W. HALL,
      *Circuit Judges.*

_____

TAO LIN, AKA ALEXANDER CHEN,
      *Petitioner,*

  v.                                          16-2629
                                              NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Yee Ling Poon, Deborah Niedermeyer, Law Office of Yee Ling Poon, LLC, New York, NY. |
| **FOR RESPONDENT:** | Laura Halliday Hickein, Trial Attorney, Shelley R. Goad, Assistant Director, Office of Immigration Litigation, *for* Chad A. Readler, |

Acting Assistant Attorney General, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tao Lin, a native and citizen of the People's Republic of China, seeks review of a June 29, 2016, decision of the BIA denying his motion to reopen his removal proceedings. *In re Tao Lin,* No. A 078 863 023 (B.I.A. June 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). It is undisputed that Lin's motion to reopen was untimely because it was filed approximately 12 years after his removal order became final in 2004. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Lin argues that the time limit should be tolled based on the ineffective assistance of his prior counsel.

The BIA did not abuse its discretion in declining to

equitably toll the time for Lin to file his motion.  The time limit may be excused based on ineffective assistance of counsel if the movant establishes (1) deficient representation; (2) prejudice as a result of that deficiency; and (3) that the movant exercised due diligence in moving to reopen.  *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008).  Even assuming that Lin's prior counsel was ineffective, Lin was required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen [wa]s filed."  *Id.* at 132.

Lin failed to demonstrate due diligence.  He did not identify any action he took between 2004 and his wife's naturalization in 2014.  Nor did he explain the delay between that time and the filing of his motion to reopen in 2016.  *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715–16 (2d Cir. 2007) (per curiam) (finding insufficient diligence where four years passed between removal order and motion to reopen and petitioner failed to establish any action during eight months of that period).

Because the diligence finding was dispositive of Lin's ineffective assistance of counsel claim, we do not reach the

BIA's alternative dispositive determination that Lin failed to show prejudice. *See Rashid*, 533 F.3d at 131 (requiring showing of diligence "no matter how egregiously ineffective counsel's assistance may have been" (quoting *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006))); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

To the extent Lin challenges the BIA's decision not to reopen sua sponte, we lack jurisdiction to consider that ruling because it is "entirely discretionary." *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4